## AUSTIN & a. v. WALKER & a.

If a plea contain immaterial matter, the replication need not traverse it.

In actions on contract, where it is proper for the plaintiffs, in their replication, to conclude to the country, the replication should deny the fact, or one of the facts stated in the plea, in express words.

Where the plea stated that the plaintiffs did not, within a reasonable time after the making the articles of agreement, inform the defendants, and make known to them that neither they nor their agent had been able to effect such sales, &c., and this allegation was material, and the replication traversed the allegation in the express words of the plea,—*Held*, that the replication was sufficient.

COVENANT. The defendants filed five pleas. At the August term of the common pleas, 1849, a trial was had by the jury upon issues joined upon the second, third and fifth

pleas, and a verdict found for the plaintiffs. To the fourth plea, the plaintiffs filed a general demurrer. A case was made and transferred to the superior court, and the verdict was ordered to be set aside, and the demurrer was over-ruled. Upon the case being remanded to the common pleas, the demurrer was withdrawn by leave of that court and the plaintiffs filed a replication to said fourth plea, to which the defendants demurred. And the questions arising upon the demurrer were transferred to this court for determination.

The declaration in the action was substantially as follows: In a plea of covenant broken, for that by a certain indenture, made at Dover, on the 19th day of August, 1840, between the defendants on the one part and the plaintiffs on the other; one part whereof duly executed is in court to be produced, after therein reciting that Walker had invented a certain improvement in a rotary power stocking loom, for which he had obtained letters patent of the United States, bearing date December 5th, 1839, and had sold McIntire one undivided half part of the same; the defendants, Walker and McIntire, for the consideration of $1,000, paid by the plaintiffs, Austin and Watson, and of the agreements of Austin and Watson, in the deed written and hereafter mentioned, assigned, set over and sold to Watson and Austin, all the right, title and interest of Walker and McIntire in said invention and patent, for, to and in all parts of the world without the limits of the United States, and one of the looms, perfect and complete. And Walker and McIntire, in and by said writing, further agreed and promised thereafterwards to furnish Watson and Austin, at the cost thereof, such other of the looms, as models and specimens, as might be necessary to enable them advantageously to exhibit the invention, and sell and dispose of the same. And Watson and Austin, in and by the deed, agreed and engaged, as soon as practicable and convenient, to send an agent to Europe, for the purpose of exhibiting the invention and of selling and disposing of the looms, and the right of

making, using and vending the same, and that they and their said agent should make all suitable and proper efforts to do the same to the best advantage, and that whenever they should have sold and disposed of the right of using, making or vending the looms or invention to the amount of $2,500, they, Watson and Austin, should and would pay Walker and McIntire the further sum of $1,500.

And Walker and McIntire, in and by the indenture, further agreed and promised, that in case, after using all proper and reasonable exertions to sell such right and privilege in Europe, Watson and Austin, or their agent, should not be able to effect such sales to the amount of $1,000, and all the expenses of such agency, they, Walker and McIntire, would repay Austin and Watson said sum of $1,000, and all the reasonable expenses of the agency, or convey and assure to them, Watson and Austin, the full undivided half of said patent right within the United States. And the plaintiffs in fact say, that as soon as practicable and convenient, and within a reasonable time after the signing and sealing of the indenture, to wit, on the first day of October then next following, they did send an agent to Europe, in pursuance of their agreement and engagement, for the purposes aforesaid; and although all suitable and proper efforts were made by their said agent in Europe to sell the looms, and the right of making, using and vending the same, neither the plaintiffs nor their agent were able to effect such sales to the amount of $1,000, or for any other sum, and in prosecuting the agency, they necessarily incurred great expenses and paid and laid out a large sum of money, to wit, the sum of $3,000. Of all which McIntire and Walker, thereafterwards, to wit, at Dover, on the first day of June, 1841, had notice. And although the plaintiffs have always from the time of making the deed hitherto, well and truly kept, performed and fulfilled all things therein mentioned and contained, on their part to be kept, fulfilled and peformed, according to the tenor, effect and meaning thereof, the plain-

Austin v. Walker.

tiffs say that McIntire and Walker have not repaid to them, the plaintiffs, the said sum of $1,000, and the reasonable expenses of the agency nor any part thereof, nor conveyed and assigned to them, the plaintiffs, the one undivided half part of the said patent right within the United States, though requested so to do, but neglect and refuse so to do; and so the plaintiffs say that the defendants have not kept their covenants, but have broken the same.

The fourth plea of the defendants was as follows: " And for a further plea in this behalf, the said Walker and Mc-Intire, by leave of the court, here for this purpose first had and obtained, according to the statute in such case made and provided, say, the plaintiffs ought not to have or maintain their action aforesaid thereof against them, because, they say, that although said Austin and Watson, after the making said articles of agreement, did send an agent to Europe, for the purpose of exhibiting said invention, and of selling and disposing of the said looms, and right of making, using and vending the same; yet the said Austin and Watson did not within a reasonable time after the making the said articles of agreement, inform the said Walker and McIntire, and make known to them that neither they or their agent had been able to effect such sales to the amount of one thousand dollars and all the expenses of such agency, and request of said Walker and McIntire a repayment of the sum of one thousand dollars and the reasonable expenses of the agency aforesaid, or a conveyance and assurance to said Watson and Austin, of the full undivided half of said patent right in the United States, in said declaration mentioned, as by the tenor of their covenants in the said articles of agreement they were bound to do; and the covenants of said plaintiffs being a condition precedent to the performance of the covenant of the said Walker and McIntire, they ought not to be bound to the performance of their covenants, the said plaintiffs not having in all things performed and fulfilled their aforesaid covenants; and this they are ready

to verify; wherefore they pray judgment, if the plaintiffs, their action aforesaid thereof against them ought to have or maintain, and for their costs."

The replication sets forth that, as to the fourth plea of the defendants, the plaintiffs ought not to be barred from having and maintaining their action against the defendants, because, they say " that they, the said Austin and Watson, did, within a reasonable time after the making of the said articles of agreement, to wit, on the first day of June, A. D. 1841, at said Dover, inform the said Walker and McIntire, and make known to them, that neither they or their agent had been able to effect such sales to the amount of one thousand dollars, and all the expenses of such agency ;" and concluded by tendering an issue to the country.

To this replication of the plaintiffs, a general demurrer was filed.

*Hatch*, with whom was *Emery*, for the defendants.

The replication is insufficient, because, 1. It does not sufficiently allege notice to the defendants of the plaintiffs' inability to effect sales of the patent.    It should have alleged such a notice as would have given the defendants to understand that the plaintiffs were unable to effect sales, had abandoned the attempt, and looked to the defendants for payment of the $1,000, or the conveyance of one half the patent in the United States.    There is nothing in the replication to negative the idea that the plaintiffs were still continuing, and intended to continue, their efforts to sell, as the old case shows was the fact.    The notice in this case should have been as broad at least as in case of the dishonor of a promissory note.    Story on Bills § 301 ; Chitty on Bills (8th ed.) 365, 501, 502.

2.    The plaintiffs should have fully traversed the plea and alleged demand of the performance of the defendants' contract.    Demand in this case was inseparable from proper

notice. No notice could be sufficient which did not amount to a demand. *Britton* v. *Turner,* 6 N. H. Rep. 481.

3. The true construction of the contract set forth in the declaration gave to the plaintiffs their election to take the $1,000 and expenses, or a conveyance of one half the patent in the United States. And the replication should have alleged an election and notice thereof to the defendants. In case the $1,000 was chosen, the defendants should have had notice of the amount of the expenses. *Dix* v. *Flanders,* 1 N. H. Rep. 246.

4. Notice on or before June 1, 1841, was not given after a reasonable time had elapsed. The parties made their agreement at Dover, August 19th, 1840. They could not have twice crossed the ocean and made " all proper and reasonable exertions to sell the right and privilege in Europe," so soon as June 1, 1841.

*Christie,* for the plaintiffs.

1. On the point of notice the plea alleges " that the said Austin and Watson did not within a reasonable time after the making the said articles of agreement, inform the said Walker and McIntire, and make known to them that neither they nor their agent had been able to effect such sales to the amount of $1,000, and all the expenses of such agency."

The replication expressly and directly traverses and puts in issue the whole of this allegation. It could not properly or legally do more. The traverse is not too narrow, but is as broad as it should or could be, in reply to the defendants' allegation in this behalf. If the defendants desired to put more, touching the notice, in issue, they should have made their allegation of want of notice more broad and particular. Matter not before stated or necessarily implied is not traverseable. 1 Chitty's Pl. 586; 1 Saund. 312, note 4.

The object of special pleading is to narrow the controversy to a single point. The plaintiffs, in their replication, do not undertake to state all that they did by way of noti-

fying the defendants, only that they did do all that the de-
fendants have expressly or impliedly alleged that he did not
do.  All else necessary or proper to have been done is, by
not being denied, admitted to have been done.

2.  It was at December term, 1851, of this court, on de-
murrer to said fourth plea, held that it was not necessary for
the plaintiffs to make any such demand or request as is
mentioned in said plea, and that the allegation that no such
request had been made was an immaterial allegation, and con-
sequently not traversable.  The replication, then, directly
and expressly traverses the whole of the only material alle-
gation in the plea.  *Watson* v. *Walker,* 3 Foster's Rep. 471.

3.  The election, whether to pay the $1,000 and expenses,
or convey half the patent, clearly belonged to the defen-
dants.  They bound themselves on the happening of the
prescribed contingencies, to do one or the other, and doing
either is a performance of the contract, and they might, con-
sequently, do either at their election.

4.  The time from August 19th, 1840, to June 1, 1841,
was long enough to make the experiment.  It was nine
months; and it took only two or three weeks to cross the
Atlantic.  The old case does not show that efforts to make
sale of the invention or looms were continued after the first
of June, 1841, and, in fact, they were not.  The charges
of the agency then ceased.  The time of the notice, too, is,
in the replication, laid under a *videlicet,* and might be varied
in proof.

EASTMAN, J.  The court have heretofore had occasion to
give a construction to the contract upon which this action
is founded.  *Watson* v. *Walker,* 3 Foster's Rep. 471.  At
the December term, 1851, we held that it was incumbent on
the plaintiffs to give notice to the defendants that they had
failed to effect sales to the amount of $1,000 and the ex-
penses of the agency, before an action could be sustained on
the agreement.  We also held that, upon notice being giv-

en, the obligation of the defendants was complete to repay the money or convey one half of the right in the United States; and that upon the obligation becoming complete, no formal demand or special request was necessary to be shown to sustain the action.

The reasons for this decision were then gone into somewhat fully, and it is unnecessary to repeat them here. It may be stated, in general terms, however, that the doctrine was laid down that wherever the fact upon which the liability of a party arises, lies peculiarly within the knowledge and privity of the plaintiff, notice thereof must be stated in the pleading to have been given to the defendant; but where the matter lies as much within the cognizance of the one party as the other, notice need not be given.

By the contract, the plaintiffs agreed and engaged, as soon as practicable and convenient, to send an agent to Europe, for the purpose of exhibiting the invention, and of selling and disposing of the looms and the right connected therewith, and that they and their agent should make all suitable and proper efforts to do the same to the best advantage. And the defendants agreed and promised, that in case, after using all proper and reasonable exertions to sell such right and privilege in Europe, the plaintiffs, or their agent should not be able to effect such sales to the amount of $1,000, and all the expenses of the agency, they would repay the plaintiffs said sum of $1,000, and all the reasonable expenses of the agency, or convey and assure to the plaintiffs the undivided half of the patent right within the United States. The defendants were not to be liable until the plaintiffs had failed to effect the sales, and whether they should succeed or not, would be a matter peculiarly within the knowledge of the plaintiffs; and hence the propriety and necessity that they should make known to the defendants their want of success in effecting sales before the defendants should be chargeable.

In case the plaintiffs did not succeed in effecting sales, the

defendants were to repay the $1,000 and also pay the expenses of the agency, or convey to the plaintiffs the one half of the right in the United States; and the obligation of the defendants to do this arose upon the failure to make the sales, and upon their being notified of that fact. The alternative, whether to repay the $1,000 and the expenses, or convey the one half of the right, was with the defendants. It was at their option which to do, and no special demand or request was necessary to be made by the plaintiffs to sustain their action, after having given notice of their failure to effect the sales. The notice completed the obligation; and when the case was before us in 1851, we decided that the request set forth in the plea was not material, and might be treated as surplusage.

The objection, then, to the replication, that it omits to traverse the request set forth in the plea, cannot be sustained; and the only inquiry is, whether the allegation of notice is well pleaded by the plaintiffs.

The body of a replication contains, either, first, matter of estoppel; second, a traverse, or denial of the plea; third, a confession and avoidance of it; or fourth, in case of an evasive plea, a new assignment. 1 Chitty's Pl. 602; 2 Saund. on Pl. & Ev. 776. Where a general denial is proper, the replication, in actions of contract or replevin, denies the fact, or one of the facts, alleged in the plea, in express words. But in trespass, and in actions on the case for slander, the replication frequently contains a general denial of the whole plea. 1 Chitty's Pl. 632; 2 Saund. on Pl. and Ev. 776; Com. Dig. Pleader F. 18.

Here the action was founded on contract. The plea alleged that the plaintiffs did not, within a reasonable time after the making the articles of agreement, inform the defendants and make known to them that neither they nor their agent had been able to effect such sales to the amount of $1,000, and all the expenses of such agency. This was a material matter, and one of the points upon which the plain-

Austin *v.* Walker.

tiffs' right of action depended. It was a denial of the fact that notice had been given of the failure to make sales; and it was necessary to be met in express terms. And this, we think, the plaintiffs have done. The replication avers that the plaintiffs did, within a reasonable time after the making the articles of agreement, to wit, on the first day of June, 1841, at Dover, inform the defendants and make known to them, that neither they or their agent had been able to effect such sales to the amount of $1,000, and all the expenses of such agency. The replication, therefore, contains a direct denial of the allegation in the plea, in express words. As the plea stands, it could not well do more or less without transgressing some of the rules of pleading.

The position that a reasonable time had not elapsed before the notice was given, as alleged in the replication, cannot prevail. There was sufficient time between the 19th of August and the first of June following, to make all requisite exertions to effect the sales.

*Judgment for plaintiffs on the demurrer.*